MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Plaintiff(s)
Patricia Williams
on behalf of Barbara M. Braun

V.

Defendant(s)
Raymond M. Braun +
other A's unknown
@ this time.

**COMPLAINT**

08CV1695
JUDGE ST. EVE
MAG. JUDGE VALDEZ

RECEIVED
MAR 2 1 2008
3-21-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Plaintiffs allege that this court has proper venue under 42 USC 1983, constitutional violations agst. handicapped mother, Amendments, ADA, + dereliction of duty by fiduciary Braun also B. Braun's FPOA. Said actions are influenced by other A's unknown @ this time. Braun has refused after repeated demands by heirs to turn over trust documents he claimed that were executed by decedant father, while on respirator + drugged and in severe pain during the summer of 2007. Decedant met untimely death 2/19/08 which appeared planned. Heir to estate Barbara M. Braun (A. R. Braun's mother + her FPOA) has suffered heinous acts of brutality in retaliation @ various nursing homes + hospitals for complaints made in good faith in order to preserve not her own dignity and safety + welfare but to prevent same acts from happening to others.



### Advanced Pain Centers, S.C.

2260 West Higgins Rd. • Suite 101 • Hoffman Estates, IL 60195 • 519 N. Cass Ave. • Suite 3SW • Westmont, IL
2940 Rollingridge Rd. • Suite 201 • Naperville, IL 60564 • 864 Streams Rd. • Suite 103 • Bartlett, IL 60103
Phone (847) 608-6620 • Fax (847) 742-8496 • Toll Free (877) 964-PAIN (7246)
www.painmngt.com

Date: Thursday, February 22, 2007
Name: BARBARA BRAUN
Address: 55 S VAIL APT 311
ARLINGTON HEIGHTS, IL 60005
Rx:
HOME HEALTH PT/OT/RN   #
Zero

Dx COPD / spinal [illegible]
please work on ADL's, gait & mobility
assess need for adaptive equipment
work on pulmonary endurance
monitor BP [illegible]

Duration:        ( ) May Substitute
Refills: 0       (X) May Not Substitute

YOU HAVE BEEN INFORMED NOT TO STOP ANY MEDICATIONS
WITHOUT PHYSICIAN APPROVAL

RN to
Dr. Zion

Victoria Sandicci, D.O.
IL State License: 036-095733

Witness Clarence Cruz / Clarence Cruz — Ray Braun, won't all in partame brandpal Will!

Victim Barbara. M. Braun / Beneficiary

Nursinghome Alden estates

(B)

Sunday 9th Mart

Amount of money Barbara is due to enherit
$5000 or more. Withholder is of assets is her son Ray M. Braun.

Wence's Eywitness acounty of cruel and unusal punishment.

1. She had no toilet, only a bucket, that wasn't changed for 1½ days.

2. There was three barrel's of biohazord waste, open and exposed to the air in room.

3. She had no light that worked in the room, so room was dark.

4. She had no telephone, nor clock to tell the time, also she had no television.

5. Barbara .M. Braun, she had no string nor button to call for a nuse.

6. It was 9:15pm at night, her breakfast tray was still sitting on her table in her room.

Upon witnessing this, I called her son Ray M Braun, 1:30pm who was handling all the will, and with holding all information about it.

The following day, Barbara .M. Braun was placed at another hospital ("Glen Oaks" s) in their psychward.

During my visit with Barbara .M. Braun, I was able to have lengthy conversations, "with her, that made sense, and she was able to recall thing's from long ago, and recent. Her cognitive abilities appeared to be normal, The only worries she had, was wanting to live in a better place, and she didn't want to be over dosed on medications by a

C

7/12/07

Will R E Brown

Patty 50%
Ray 30%
Mike 20%

After each of Patty's kids receive $15,000 each

Lee, Sean, Ashley, & Gregory

Based on need and attention to parents.

Kids & grand kids to help Barbara as needed.

R E Brown

...may have any interest at the time of my death for such period as my executor shall determine;

34375_1.DOC

# WILL

## OF

## RAYMOND E. BRAUN



I, Raymond E. Braun, of Des Plaines, Illinois, make this my Will and revoke all prior wills and codicils.

## ARTICLE 1
### Introduction

1.1     **Family.** I am not currently married. I have three children now living, namely: Patricia E. Williams, Raymond M. Braun and Michael J. Braun.

## ARTICLE 2
### Gifts to Living Trust

I give my tangible personal property and the rest of the property I own at my death (excluding any property over which I have a power of appointment) to the trustee of the RAYMOND E. BRAUN REVOCABLE TRUST, executed on the same date as and immediately prior to the execution of this Will, as amended or restated from time to time, and as in effect at my death (my "Living Trust"), to be held and administered as provided therein. My executor may distribute directly to any beneficiary under my Living Trust any property which, if distributed to the trustee, would then be distributed to the beneficiary.

## ARTICLE 3
### Executor

3.1     **Executor.** I name Raymond M. Braun as executor hereunder. If Raymond M. Braun at any time fails or ceases to act, I name Patricia E. Williams and Michael J. Braun (singularly and successively in the order named) as successor executor.

3.2     **Waiver of Surety.** No security, surety or bond shall be required of my executor. If permitted by law and if not inconsistent with the best interests of the beneficiaries as determined by my executor, the administration of my estate shall be independent of the supervision of any court.

3.3     **Powers of Executor.** I give my executor power, without authorization of any court:

(a)     **Retention.** To retain any property regardless of diversification and regardless of whether the property would be considered a proper estate investment; to continue or to permit the continuation of any business, incorporated or unincorporated, which I may own or in which I may have any interest at the time of my death for such period as my executor shall determine;

(b)　**Sale.** To sell at public or private sale, contract to sell, grant options to buy, convey, transfer, exchange, or partition, any real or personal property of my estate for such price and upon such terms as my executor sees fit;

(c)　**Real and Tangible Personal Property.** To make leases and subleases and grant options to lease, although the terms thereof commence in the future, to operate, maintain, improve, rehabilitate, alter, demolish, abandon, release or dedicate any real or tangible personal property, and to develop or subdivide real property, grant easements and take any other action with respect to real or tangible personal property that an individual owner thereof could take;

(d)　**Borrowing.** To borrow money from any lender (including my executor individually), extend or renew any existing indebtedness, and mortgage or pledge any property;

(e)　**Investing.** To invest in bonds, common or preferred stocks (including securities of any corporate fiduciary or of any affiliated corporation), notes, options, common trust funds, mutual funds, shares of any investment company or trust, or other securities, partnership interests, general or limited, joint ventures, limited liability companies, or other property of any kind, regardless of diversification and regardless of whether the property would be considered a proper estate investment;

(f)　**Distribution; Determination of Value.** To distribute my estate in cash or in kind, or partly in each, and to allocate or distribute undivided interests or different property or disproportionate interests to the beneficiaries, and no adjustment shall be made to compensate for a disproportionate allocation of unrealized gain for income tax purposes, and to determine the value of any property so allocated or distributed. No action taken by my executor pursuant to this subparagraph shall be subject to question by any beneficiary;

(g)　**Rights as to Securities.** To have all the rights, powers and privileges of an owner of securities, including, but not limited to, the powers to vote, give proxies, and pay assessments, to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers, and liquidations and, incident to such participation, to exercise or sell stock subscription or conversion rights;

(h)　**Conservation of Assets.** To take any action that an individual owner of an asset could take to conserve or realize the value of the asset and with respect to any foreclosure, reorganization or other change with respect to the asset;

(i)　**Delegation.** To employ agents, attorneys and proxies of all types (including any firm in which a relative of mine or his or her spouse is a partner, associate, employee or is otherwise affiliated) and to delegate to them such powers as my executor considers advisable;

(j) **Principal and Income.** To determine in cases not covered by statute the allocation of receipts and disbursements between income and principal, to establish out of income and credit to principal reasonable reserves for depreciation, depletion and obsolescence, to amortize out of income any premium paid for interest-bearing obligations;

(k) **Dealing with Fiduciaries.** To deal with, purchase assets from, or make loans to, the fiduciary of any trust made by me or a trust or estate in which any beneficiary under my Living Trust has an interest, even though my executor is the fiduciary, and to retain any assets or loans so acquired, regardless of diversification and regardless of whether the property would be considered a proper estate investment; to deal with a corporation acting as executor under this Will or a parent or affiliate of the corporation; to deal with the fiduciary of any other estate, trust, or custodial account, even though the fiduciary is my executor;

(l) **Compromising Claims.** To litigate, compromise, settle or abandon any claim or demand in favor of or against my estate;

(m) **Nominee Arrangements.** To hold any asset in the name of a nominee, in bearer form or otherwise, without disclosure of any fiduciary relationship;

(n) **Liability Insurance.** To purchase liability and casualty insurance of any kind for the protection of the estate, including comprehensive liability insurance;

(o) **Environmental.** To inspect and monitor businesses and real property (whether held directly or through a partnership, corporation, trust or other entity) for environmental conditions or possible violations of environmental laws, to remediate environmentally-damaged property or to take steps to prevent environmental damage in the future, even if no action by public or private parties is currently pending or threatened, to abandon or refuse to accept property which may have environmental damage, and to expend estate funds to do the foregoing, and no action or failure to act by my executor pursuant to this subparagraph shall be subject to question by any beneficiary;

(p) **Disclaimers.** To disclaim any property or interest on my behalf without court approval;

(q) **Instruments.** To execute and deliver necessary instruments and give full receipts and discharges;

(r) **Ancillary Executor.** To appoint any ancillary executor with the powers, and subject to the direction, of my executor; and

(s) **Powers of Trustee.** To exercise any power now or hereafter conferred by the statutes of Illinois upon the trustee of a trust having its situs in Illinois.

3.4     **Payment of Expenses and Taxes.**  To the extent directed by Living Trust, the executor shall pay out of the residue of my estate (a) expe illness, funeral, and burial, (b) the expenses of administering my estate whe including the costs of safeguarding and delivering tangible personal propert and (d) debts enforceable against my estate, other than debts secured by life interest in a land trust or cooperative or by real property. I do not waive an has under sections 2206, 2207, 2207A and 2207B of the Internal Revenue C similar statutes of any state (or any corresponding provision of subsequent 1 authorize my executor to take such actions as are necessary to obtain reimb statutes, including withholding distributions. I waive all other rights to rein apportionment.

3.5     **Death Taxes.** "Death Taxes" includes all estate, transfer, in succession taxes (including penalties and interest) imposed by reason of my Taxes" shall not include generation-skipping transfer tax imposed upon any transfer other than direct skip transfers made at my death of which I am the generation-skipping transfer taxes on direct skip transfers of which I am the at my death as a result of a disclaimer shall be paid from the assets or amou which resulted in the direct skip transfer.

3.6     **Elections by Executor.**  My executor (a) shall make the elec (b) shall make elections regarding the mode of distribution of the proceeds benefit plan, individual retirement plan or insurance contract, (c) shall make available GST exemption, and (d) shall join in the execution and filing of a return, as directed by the trustee of my Living Trust, or in the absence of su executor deems advisable. No adjustment shall be made between principal relative interests of the beneficiaries to compensate for any such election or executor shall elect to treat any fraction or all of any trust as qualified termi property for federal estate tax purposes to the extent the trustee of my Livin the absence of such a direction, to the extent my executor deems advisable.

3.7     **Exoneration of Executor.**  Any individual executor acting i be liable for any act or omission. No executor shall be liable for any act or executor.

## ARTICLE 4
## Construction

4.1     **Captions and Context of Terms.**  Captions shall have no in to the terms of the document. Singular and plural, and masculine, feminine interchangeable as required or permitted in the context of this instrument.

4.2     **Incorporation by Reference.** If my Living Trust is not in e I incorporate by reference its terms as they existed when I signed my Will, tangible personal property and the residue of my estate to the trustee design be held, administered and distributed pursuant to those terms.

34375v1                                    4

Signed on __7/12__, __2007__ ~~2006~~.

*Raymond E Braun*   **DRAFT**
Raymond E. Braun

The testator, Raymond E. Braun, signed this Will in our presence on the date it bears. Immediately thereafter, at the testator's request and in the testator's presence and in the presence of each other, we signed our names as witnesses. We certify that we believed the testator to be of sound mind and memory at the time of signing.

| **Witnesses** | | **Addresses** |
|---|---|---|
| _____ | residing at | _____ |
| | | _____ |
| _____ | residing at | _____ |
| | | _____ |
| _____ | residing at | _____ |
| *See attached 7/12/07* | | _____ |

34375v1                                         5

Mr. Raymond E. Braun
55 South Vail
Arlington Heights, IL 60005

rison & Held, LLP
West Wacker Drive
950
ago, IL 60606

D

Attach to W/Q 4/13/07

Patricia   45%
Ray       30%
Milo      25%

Break on need and allocation to parents

Allo $10,000 each to grand kids & see

Lee, Sean, Gregory, & Ashley

RE Brown

State of Illinois
Department of Public Health

# Notice of Involuntary Transfer or Discharge and Opportunity for Hearing



Ⓔ

## FACILITY INFORMATION

Name: Rosewood Care Center
Address: 1800 Colonial Pkwy, Inverness, IL. 6006[?]
County: Cook
Telephone Number: (847) 776-4700
Date of Notice to Resident: 01-22-08

## RESIDENT INFORMATION

Name: Barbara Brown
Representative's Address: 706 W. Ivanhoe Apt #11, Mount Prospect, Illinois 60056
Representative: Patricia Williams
Representative's Telephone Number: (847)-963-1047

[X] FEDERAL PROCEEDING   [ ] STATE PROCEEDING

[X] **FEDERAL PROCEEDING.** This facility admits private-pay and Medicare or Medicaid residents and is federally-certified and state licensed, or this facility admits only Medicare or Medicaid residents and is federally funded. This facility seeks to transfer or discharge you pursuant to the regulations of the Health Care Financing Administration for states and long-term care facilities, 42 CFR 483.12 ("federal regulations"). As recorded in your clinical record in accordance with Section 483.12 (a)(4) of the federal regulations, the reason for this proposed transfer or discharge is:

[ ] your welfare and needs cannot be met in this facility, as documented in your clinical record by your physician, 483.12 (a)(2)(ii);

[ ] your health has improved sufficiently so you no longer need the services provided by this facility, as documented by your physician in your clinical record, 483.12(a)(2)(ii);

[ ] the safety of individuals in this facility is endangered, 483.12(a)(2)(iii);

[ ] the health of individuals in the facility would otherwise be endangered, as documented by a physician in your clinical record, 483.12(a)(2)(iv);

[X] you have failed, after reasonable and appropriate notice, to pay for your stay at this facility, 483.12(a)(2)(v); or

[ ] this facility ceases to operate, 483.12(a)(2)(vi).

On the date of transfer or discharge, you will be relocated to:

Facility/Person: Village Nursing Home
Address: 9000 N LaVergne, Skokie, Illinois 60077
Telephone: (847)-674-2323

Pursuant to Section 483.12(a)(7) of the federal regulations, this facility will provide sufficient preparation and orientation to ensure your safe and orderly transfer or discharge from this facility.

1/2007

State of Illinois
Department of Public Health

# Notice of Involuntary Transfer or Discharge and Opportunity for Hearing



☐ **STATE PROCEEDING.** This facility admits only private-pay residents and is state-licensed. This facility seeks to transfer or discharge you pursuant to the Nursing Home Care Act, 210 ILCS 45/1-101, et seq., ("state law"). You will be responsible for securing shelter and health care for yourself. You may seek relocation assistance from the Illinois Department of Public Health, including information on alternative placements.

As discussed with _____ on _____, 20____, and as documented in your clinical record pursuant to Section 3-408 of the state law, the reason for this proposed transfer or discharge is:

☐ medical reasons, 210 ILCS 45/3-401(a);

☐ your physical safety, 210 ILCS 45/3-401(b);

☐ the physical safety of other residents, the facility's staff or visitors, 210 ILCS 45/3-401(c); or

☐ late payment or nonpayment for your stay, 210 ILCS 45/3-401(d).

The responsible party, _____, has the right to pay the amount of the bill in full up to the date the transfer or discharge is to be made and then you shall have the right to remain in this facility.

To obtain the name of a local representative of the Illinois Long-term Care Ombudsman Program in your community, you may call the Illinois Department on Aging, Senior Helpline, toll-free at **800-252-8966** or write to the Illinois Department on Aging, 421 E. Capital Ave., Springfield, IL 62701.

The agency responsible for the protection and advocacy of the developmentally disabled or mentally ill individuals is Equip for Equality, Inc.:

20 N. Michigan Ave., Suite 300, Chicago, IL 60602, 312-341-0022, (Voice) 800-537-2632, (TTY) 800-610-2779, (Fax) 312-341-0295.

1617 Second Ave., Suite 210, P.O. Box 3753, Rock Island, IL 61204, 309-786-6868, (Voice) 800-758-6869, (TTY) 800-610-2779, (Fax) 309-786-2393.

235 S. Fifth St., P.O. Box 276, Springfield, IL 62705, 217-544-0464, (Voice) 800-758-0464, (TTY) 800-610-2779, (Fax) 217-523-0720.

The effective date of the proposed transfer or discharge is **Feb 20**, 20 **08**. The person who will supervise your transfer or discharge is:

Name **Patrick J. DiPaolo (Administrator)**
Address **1800 Colonial Parkway, Inverness, Illinois 60067**
Telephone **(847) 776-4700**

## APPEAL RIGHTS

Regardless of whether the facility's proposed action is under federal regulations or state law, you have the right to appeal the decision to transfer or discharge you.

If you think you should not have to leave this facility, you may file a Request for a Hearing with the Illinois Department of Public Health within 10 days after receiving this notice.

State of Illinois
Department of Public Health

# Notice of Involuntary Transfer or Discharge and Opportunity for Hearing

If you request a hearing, it will be held not later than 10 days after your request, and you generally will not be transferred or discharged during that time. If the decision following the hearing is not in your favor, you generally will not be transferred or discharged prior to the expiration of 30 days following receipt of the original Notice of Transfer or Discharge.

A form to appeal the facility's decision is attached. If you have questions, call the Illinois Department of Public Health at 217-782-4977. Your call will be directed to the appropriate individual.

A copy of this notice was placed in your clinical record and a copy was transmitted to the Illinois Department of Public Health, to you, to the long-term care ombudsman, to your representative or a family member, and, if your care is paid for, in whole or in part, through Title XIX, to the Illinois Department of Healthcare and Family Services on the 22 day of January, 2008.

Signature of facility's agent _____
Title of agent  Administrator
Date  01-22-08

Name of facility attorney  Dan Maher
Attorney address  926 South Seventh Street Springfield IL 62703
Attorney phone number  (217) 522-4575