## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1695 | **DATE** | 3/31/2008 |
| **CASE TITLE** | Williams vs. Braun, et al | | |

**DOCKET ENTRY TEXT**

For the reasons discussed in the attached order, the Court dismisses Plaintiff's Complaint without prejudice. Plaintiff's motion to proceed *in forma pauperis* and motion for appointment of counsel are both denied without prejudice. The Court recommends, however, that Plaintiff contact the District Court's *pro se* help desk located on the 20th Floor of the Courthouse, which is located at 219 S. Dearborn St., to see what options may be available following the Court's above ruling. Case terminated.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On March 21, 2008, Plaintiff Patricia Williams, acting on behalf of her mother Barbara M. Braun who is handicapped and in the care of "various nursing homes and hospitals," filed a *pro se* complaint against Raymond M. Braun and "other defendants unknown at this time. (R. 1-1, Compl. at 1.) The Complaint alleges that Defendant (1) has violated Ms. Braun's constitutional rights, (2) has violated her rights under the Americans with Disabilities Act, and (3) has breached his fiduciary duty. (*Id.*) Plaintiff also has moved for leave to proceed *in forma pauperis* under 28 U.S.C. §1915(a) and for appointment of counsel. Because Plaintiff, as a *pro se* litigant, cannot bring claims on behalf of other persons and because it appears the suit otherwise falls outside the Court's subject matter jurisdiction or fails to state a claim upon which relief may be granted, the Court *sua sponte* dismisses the Complaint without prejudice.

## LEGAL STANDARD

Under 28 U.S.C. §1915 ("Section 1915"), the Court may authorize a plaintiff to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Plaintiff's application indicates that she is currently unemployed and that she has limited assets (R. 4-1, IFP App. at 1), and so she satisfies the financial criteria for receiving *in forma pauperis* status.

But financial status is not the only consideration in determining whether an *in forma pauperis* action may continue to go forward. Rather, Section 1915 provides that the "court shall dismiss the case at any time if the court determines" that a complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). In doing so, the Court must apply the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000); *see also Alston v. Debruy*, 13 F.3d 1036, 1039 (7th Cir. 1994) (Section 1915 allows judges to dismiss a claim based on an indisputably meritless legal theory); *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) ("*Sua sponte* 12(b)(6)

**STATEMENT**

dismissals are permitted, provided that a sufficient basis for the court's action is evident from the plaintiff's pleading.").

And aside from the bases for dismissal in Section 1915, a district court, of course, also must evaluate complaints to ensure that they lie within the court's subject matter jurisdiction. *See Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) ("Jurisdiction is the power to declare law, and without it the federal courts cannot proceed." (internal citation and quotation omitted)). Indeed, "[i]t is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (internal quotation omitted). "Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

**ANALYSIS**

After conducting a thorough review of the Complaint, the Court finds that the Complaint must be dismissed. This is the case for several reasons. First, as a *pro se* litigant, Plaintiff cannot pursue the legal rights or claims of another person. Second, most, if not all, of the Complaint falls outside the Court's subject matter jurisdiction. Finally, even assuming that the Complaint was within the Court's jurisdiction it nonetheless would have to be dismissed, under Section 1915, because it fails to state a claim upon which relief can be granted. Accordingly, the Court dismisses the Complaint without prejudice.

**I.      Plaintiff, as a *Pro Se* Litigant, Cannot Pursue the Legal Claims of Another Party**

It is well-settled law that a pro se litigant cannot represent the interests of a third party. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986); *Nocula v. UGS Corp.*, __ F.3d __, 2008 WL 755292, *4 (7th Cir. Mar. 24, 2008); *Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38 (D. Mass. 2001) ("Under well-settled law, an individual who is not an attorney admitted to practice before this court is not authorized to submit pleadings (including a complaint) or in any other manner appear on behalf of another person or entity."); *see also* 28 U.S.C. §1654. This is true even if that third party is a relative, *see Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997); *Osei-Afriyie v. Med. Coll. of Penn.*, 937 F.2d 876, 882-83 (3d Cir. 1991), and even if the parties had entered into contract whereby one plaintiff would represent the other plaintiff's legal interest. *See DePonceau v. Pataki*, 315 F. Supp. 2d 338 (W.D.N.Y. 2004) (*pro se* plaintiff did not have standing to file Section 1983 complaint on behalf of other individuals, even though they had given him power of attorney); *Lutz v. Lavelle*, 809 F. Supp. 323 (M.D. Pa. 1991). "Many good reasons exist for the strict adherence to this rule, not the least of which is that a party may be bound, or his rights waived, by his legal representative." *Lewis*, 784 F.2d at 830; *see also Jones v. Niagara Frontier Trans. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). And because this rule requires "strict adherence," a court may dismiss a complaint *sua sponte* when appropriate. *Matthews*, 144 F. Supp. 2d at 38 ("Even if no defendant files a motion calling attention to the lack of authority under applicable law for an individual who is not an attorney admitted to practice in this court to appear in this court on behalf of one or more other natural persons or legal entities, the court must take notice of such a lack of authority and make an appropriate order." (citing 28 U.S.C. §1654)). Accordingly, the Court must dismiss Plaintiff's *pro se* complaint to the extent it seeks relief on behalf of Ms. Braun.

**STATEMENT**

## II. The Complaint Falls Outside the Court's Subject Matter Jurisdiction Or Otherwise Fails To State a Claim

To the extent Plaintiff is seeking relief in her own right, the Complaint nonetheless fails because it either falls outside the Court's subject matter jurisdiction or it fails to state a claim. The Court will discuss these reasons in turn below.

### A. Subject Matter Jurisdiction

The claims asserted in the Complaint likely fall outside the Court's subject matter jurisdiction. As is evident from the face of the Complaint, Plaintiff here seeks to have the Court adjudicate matters related to the administration of a decedent's estate. For example, the Complaint (1) refers to documents related to a decedent's estate, (2) refers to Plaintiff's mother as the "heir of an estate" and to an "amount of money [she] is due to inherit," (3) refers to Defendant's "handling of the will and withholding information about it," and (4) attaches several documents purporting to be wills or drafts of a will. (R. 1-1, Pl.'s Compl.)

Because the Complaint appears to contest the administration of a decedent's estate it likely falls within the so-called "probate exception" to the Court's subject matter jurisdiction. "The probate exception to federal jurisdiction 'reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate. . .'" *Jones v. Brennan*, 465 F.3d 304, 305-06 (7th Cir. 2006) (quoting *Marshall v. Marshall*, 547 U.S. 293, 126 S. Ct. 1735, 1748, 164 L. Ed. 2d 480 (2006)). A complaint "about the maladministration of [an] estate . . . [is] tantamount to asking the federal district court to take over the administration of the estate. That clearly would violate the probate exception." *Id.* Thus, to the extent Plaintiff is pursuing this type of claim here, it would fall outside the Court's subject matter jurisdiction.

It is true, however, that some of the Complaint may not fall within the probate exception to federal jurisdiction. For example, Plaintiff mentions a claim for breach of fiduciary duty, which is colorable claim. *Id.* But because a "claim for breach of fiduciary duty clearly is based solely on state law," such a claim cannot proceed in federal court unless there is an independent basis for federal jurisdiction, such as under 28 U.S.C. §1332 (diversity of citizenship jurisdiction) or under 28 U.S.C. §1367 (supplemental jurisdiction). *Id.*

Regarding 28 U.S.C. §1332, Plaintiff's Complaint does not sufficiently allege diversity of citizenship. *See* 28 U.S.C. §1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States."). Indeed, the Complaint does not allege the citizenship of the parties at all, which is a critical shortcoming. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (failure to allege the citizenship of the parties results in dismissal for want of jurisdiction). Nor does the Complaint allege a reasonable basis for concluding that the amount in controversy exceeds $75,000. (R. 1-1, Compl. at 2 (alleging that Ms. Braun is owed an inheritance of $15,000).) *See also Uhl v. Thoroughbred Tech. and Telecomm., Inc*., 309 F.3d 978, 983 (7th Cir. 2002) (amount in controversy "is determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed"); *Shaw v. Dow Brands*, *Inc*., 994 F.2d 364, 366 (7th Cir. 1993).

Thus, the only possible way to adjudicate Plaintiff's claim for breach of fiduciary duty – or any other state law claim – would be if it falls within the Court's supplemental jurisdiction, 28 U.S.C. §1367, a determination that, in turn, depends on whether the Complaint adequately asserts a claim within the Court's jurisdiction to adjudicate federal questions. 28 U.S.C. §1331. *See Jones*, 465 F.3d at 308-09 ("if there is at least one colorable federal claim not barred by the probate exception, the district court has jurisdiction over

**STATEMENT**

the plaintiff's state-law claims by virtue of the court's supplemental jurisdiction" (citing 28 U.S.C. §1367)). Yet for the reasons set forth in the following section, the Complaint does not adequately assert a federal question claim.

### B.    Failure To State a Claim

Plaintiff's Complaint sets forth two possible bases for federal question jurisdiction: a claim under 42 U.S.C. §1983 and a claim under the ADA. As an initial matter, it is questionable whether these claims are sufficient to invoke the Court's subject matter jurisdiction. *See Goros v. County of Cook*, 489 F.3d 857, 860 (7th Cir. 2007) ("[S]ome theories are such piffle that they fail even to make out claims arising under federal law, and these must be dismissed for want of jurisdiction. Distinguishing between 'essentially fictitious' claims that do not invoke federal jurisdiction and those in which a fairly debatable claim fails on the merits is essential if the federal courts are to remain tribunals of limited jurisdiction." (internal citation and parentheses omitted)). Regardless, the Court need not reach the issue because, even assuming they do fall within the Court's federal question jurisdiction, the Complaint nonetheless could not proceed because it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

The two asserted federal question claims are fundamentally flawed. First, Defendant, as a non-state actor, can be held liable under Section 1983 only when acting in concert with a state actor. *See Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) ("A cause of action under § 1983 requires a plaintiff to demonstrate that he was deprived of a right secured by the Constitution or a federal law *at the hand of someone acting under color of law*. A private individual has acted under color of law if there was a concerted effort between the individual and a state actor." (emphasis added)). Plaintiff's Section 1983 claim, however, makes no allegation to that effect, and thus fails to state a claim. Second, the ADA applies only to an *employer's* employment-related actions toward its *employees*, 42 U.S.C. § 12111(5), and not to the interactions of parties outside the employment context like that alleged in the Complaint. *See, e.g., Fain v. Wayne County Auditor's Office*, 388 F.3d 257, 258 (7th Cir. 2004). Both of Plaintiff's federal question theories fail to state a claim upon which relief may be granted, and the Court would have to dismiss the Complaint under 28 U.S.C. §1915, even assuming that the Complaint adequately invoked the Court's subject matter jurisdiction.

### CONCLUSION

For the above stated reasons, the Court dismisses Plaintiff's Complaint without prejudice. This is not to say that Plaintiff cannot pursue these claims, but rather that, based on the allegations in the Complaint, these claims cannot proceed *in federal court*. At this juncture, given the questionable existence of federal subject matter jurisdiction, the Court will not appoint counsel. The Court recommends, however, that Plaintiff contact the District Court's *pro se* help desk located on the 20th Floor of the Courthouse, which is located at 219 S. Dearborn St., to see what options may be available following the Court's above ruling.