# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1695 | **DATE** | 5/12/2008 |
| **CASE TITLE** | Williams vs. Braun | | |

**DOCKET ENTRY TEXT**

Plaintiff's Amended Complaint is dismissed *sua sponte* without prejudice.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

On March 21, 2008, Plaintiff Patricia Williams, acting on behalf of her mother Barbara M. Braun who is handicapped and in the care of "various nursing homes and hospitals," filed a *pro se* complaint against Raymond M. Braun and "other defendants unknown at this time." (R. 1-1, Compl. at 1.) That Complaint alleged that Defendant (1) violated Ms. Braun's constitutional rights, (2) violated her rights under the Americans with Disabilities Act, and (3) breached his fiduciary duty. (*Id.*) For the reasons stated more fully in the Order of March 31, 2008, the Court dismissed the Complaint *sua sponte* because Plaintiff, as a *pro se* litigant, could not bring claims on behalf of other persons and because it appeared that the suit otherwise fell outside the Court's subject matter jurisdiction or failed to state a claim upon which relief may be granted. (R. 6-1, Order of Mar. 31, 2008.) On April 24, 2008 Plaintiff, still proceeding *pro se*, filed an amended complaint. (R. 7-1, Am. Compl.) The Amended Complaint, however, suffers from the same general infirmities as the original complaint. Thus, applying the legal standard set forth in its previous order (R. 6-1, Order of Mar. 31, 2008), the Court *sua sponte* orders dismissal.

## ANALYSIS

### I.   Claims Brought on Behalf of Others

As the Court previously explained, Plaintiff, as a *pro se* litigant, cannot pursue the legal rights or claims of another person. (*See* R. 7-1, Am. Compl. at 7 (indicating that Ms. Williams is bringing the case "on behalf of herself and her mother, Barbara M. Braun and the other beneficiaries in this matter").) That Ms. Braun may have executed a durable health care power of attorney appointing Ms. Williams as her attorney-in-fact (*see id.*, Ex. A) does not change the analysis. *See Doyle v. Schumann*, No. 1:07 CV 3684, 2008 WL 397588, *2 (N.D. Ohio Feb. 11, 2008) ("The Court notes that Kenneth Doyle, a non-attorney, is claiming authority to represent Cleo Doyle by virtue of a grant of power of attorney. . . . A power of attorney

**STATEMENT**

simply is ineffective to permit Kenneth Doyle to file a *pro se* action on behalf of Cleo Doyle."); *Dorsey v. McKune*, No. 07-3204-SAC, 2007 WL 4557677, *1 n.1 (D. Kan. Dec. 20, 2007) ("federal law allows two types of representation in court: by an attorney admitted to the practice of law by the applicable regulatory body, or by a person representing himself. 28 U.S.C. § 1654. A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law."); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney). Accordingly, the Court again must dismiss Plaintiff's *pro se* complaint to the extent it seeks relief on behalf of Ms. Braun or other beneficiaries of the estate in question.

## II.     Claims Plaintiff Is Pursuing In Her Own Right

To the extent Plaintiff is seeking relief in her own right, the Amended Complaint nonetheless fails because it either falls outside the Court's subject matter jurisdiction or it fails to state a claim.

As to subject matter jurisdiction, the Amended Complaint suffers from a number of fatal deficiencies. First, at least a portion of the Amended Complaint falls within the probate exception to federal jurisdiction. For example, the Amended Complaint requests as relief an order "appoint[ing] an independent Trustee to fully review, do a thorough accounting and administer the estate of the decedent, Raymond E. Braun and provide said information to the beneficiaries which is there right . . ." (*See, e.g.,* R. 7-1, at 6.) To the extent the Complaint asks the Court to intervene in the administration of the decedent's estate, the Court lacks subject matter jurisdiction. *See Jones v. Brennan*, 465 F.3d 304, 305-06 (7th Cir. 2006) ("The probate exception to federal jurisdiction reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate . . ."; a complaint "about the maladministration of [an] estate . . . [is] tantamount to asking the federal district court to take over the administration of the estate. That clearly would violate the probate exception." (internal quotation omitted)).

Second, for matters that fall outside the probate exception, the Amended Complaint does not allege a colorable basis for federal jurisdiction. The Amended Complaint offers only the following bases for federal jurisdiction:

> [D]ue to the diversity of defendants known and unknown at this time. Upon information and belief unknown defendants influencing defendant to breach his responsibility as fiduciary reside in Illinois, Wisconsin, Florida, California and Arizona which can be proved at trial. Plaintiffs request jurisdiction under 42 U.S.C. 1983 as the following will demonstrate. We also request that the court have jurisdiction under the Americans with Disabilities Act. Plaintiffs claim excess of $75,000.

(R. 7-1, Am. Compl. at 1.) Plaintiff fails to adequately allege diversity of citizenship jurisdiction under 28 U.S.C. §1332 because there is no indication whatever of the parties' respective *citizenship*. The Amended Complaint alleges the "residence" of certain Defendants (and not even that much about Plaintiffs), but the terms "residence" and "citizenship" are not synonyms, and it is citizenship that matters under 28 U.S.C. §1332. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]llegations of residence are insufficient to establish diversity jurisdiction."). Plaintiff's unelaborated assertion that there is "diversity" does not cure this deficiency. *See, e.g., Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("In a diversity case, . . . it is not enough for the plaintiff to allege that the claim is within the diversity jurisdiction; the complaint must allege the citizenship of the parties . . .").

**STATEMENT**

The Amended Complaint likely fails to invoke the Court's federal question, 28 U.S.C. §1331, or supplemental jurisdiction, 28 U.S.C. §1367, and, in any event, does not state a claim upon which relief may be granted. (*See* R. 6-1, Order of Mar. 31, 2008 (explaining more fully why the jurisdictional analysis is effectively the same under both statutes in this instance).) Plaintiff again asserts that there is federal question jurisdiction under the ADA and Section 1983. As the Court previously noted, the two asserted federal question claims are fundamentally flawed. The Section 1983 claim fails because Defendant, as a non-state actor, can be held liable under Section 1983 only when acting in concert with a state actor, and there is no allegation to that effect. *See Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) ("A cause of action under § 1983 requires a plaintiff to demonstrate that he was deprived of a right secured by the Constitution or a federal law *at the hand of someone acting under color of law*. A private individual has acted under color of law if there was a concerted effort between the individual and a state actor." (emphasis added; internal citation omitted)). The ADA claim fails because that statute applies to an *employer's* employment-related actions toward its *employees*, 42 U.S.C. § 12111(5), and not to the interactions of parties outside the employment context like that alleged in the Complaint. *See, e.g., Fain v. Wayne County Auditor's Office*, 388 F.3d 257, 258 (7th Cir. 2004). And other possible theories under the ADA are even farther afield of the allegations in the Amended Complaint. *See Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006) (the ADA "forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute, [42 U.S.C.] §12111-12117; (2) public services, programs and activities, which are the subjects of Title II, *id.* §12131-12165; and (3) public and private lodging, which is covered by Title III, *id.* §12181-12189"). Thus, both of Plaintiff's federal question theories fail to state a claim upon which relief may be granted, and the Court would have to dismiss the Complaint under 28 U.S.C. §1915, even assuming that the Complaint adequately invoked the Court's subject matter jurisdiction. *See also Goros v. County of Cook*, 489 F.3d 857, 860 (7th Cir. 2007) ("[S]ome theories are such piffle that they fail even to make out claims arising under federal law, and these must be dismissed for want of jurisdiction. Distinguishing between 'essentially fictitious' claims that do not invoke federal jurisdiction and those in which a fairly debatable claim fails on the merits is essential if the federal courts are to remain tribunals of limited jurisdiction." (internal citation and parentheses omitted)).

**CONCLUSION**

As noted above, the Amended Complaint cannot go forward for the same reasons the Court identified in its prior order. (*See* R. 6-1, Order of Mar. 31, 2006.) Again, this is not to say that Plaintiff cannot pursue these claims, but rather that, based on the allegations in the Complaint, these claims cannot proceed *in federal court*. The Amended Complaint is dismissed without prejudice.